UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEC FINANCIAL SERVICES, INC. | : | Civil Action |
| 250 Phele Avenue, Suite 309 | : | |
| Saddle Brook, NJ 07663 | : | Case No.: |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| COMMONWEALTH FINANCIAL | : | |
| SYSTEMS, INC. d/b/a NCC | : | **COMPLAINT** |
| 120 North Keyser Avenue | : | |
| Scranton, PA 18504 | : | |
| | : | |
| Defendant. | : | |

Plaintiff, NEC Financial Services, Inc. (hereinafter referred to as "NEC"), by way of Complaint against the defendant, hereby says:

**FIRST COUNT - PARTIES**

1. Plaintiff, NEC is a New Jersey corporation conducting business at 250 Phele Avenue, Suite 309, Saddle Brook, New Jersey 07663, and qualified to do business in the Commonwealth of Pennsylvania.

2. Upon information and belief, Defendant, Commonwealth Financial Systems, Inc. d/b/a NCC (hereinafter referred to as "CFS"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 120 North Keyser Avenue, Scranton, Pennsylvania 18504.

**JURISDICTION**

3. This Court has jurisdiction over this action, pursuant to 28 U.S.C. 1332, because of diversity of citizenship and the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs.

**VENUE**

4. This District is proper for venue purposes, pursuant to 28 U.S.C. 1391, because some of the events giving rise to the claims in this action occurred in this District and/or Defendants conduct business in this District.

**COMMON FACTUAL STATEMENT**

5. On or about July 23, 2007, CFS executed and delivered that certain Progress Payment Note (the "Note") to NEC whereby NEC would loan and/or advance sums for the benefit of CFS. A true copy of the Note is annexed hereto as Exhibit "A" and the terms of same are incorporated herein by this reference.

6. On or about October 30, 2007, CFS executed and delivered that certain Master Lease Agreement (the "Lease") to NEC in connection with the lease of three (3) NEAX2000 IPS machines together with all accessories, additions, and attachments thereto, replacements and substitutions therefore, now owned or hereafter acquired and all telephone equipment more fully described in Schedule A and Attachment A to the Lease (hereinafter referred to as the "Equipment"). A true copy of the Lease, Schedule A and Attachment A are annexed hereto as Exhibit "B" and the terms of same are incorporated herein by this reference.

7. Pursuant to the Note and Lease, defendant, CFS granted to NEC a security interest in the Equipment, as well as in all assets of the Defendant including any and all goods, equipment, inventory, accounts, contract rights and general intangibles wherever located, now or hereafter belonging to the defendant or in which defendant acquires any interest (the "Additional Collateral").

8. The Equipment was accepted and received by CFS. A true copy of the Certificate of Acceptance is annexed hereto as Exhibit "C".

9. NEC is the owner of the Equipment and did also perfect any security

2

interest in the Equipment and Additional Collateral by filing a Financing Statement with the Secretary of the Commonwealth of Pennsylvania on July 26, 2007. A true copy of the Financing Statement is annexed hereto as Exhibit "D" and incorporated herein by this reference.

10. Upon information and belief, insurance on the Equipment is no longer in effect and has been terminated for lack of payment, in violation of the Note and Lease with NEC exposing NEC to irreparable harm.

11. CFS has concealed the location of the Equipment from NEC in violation of its agreements with NEC.

**FIRST COUNT**
**(Breach of Contract by Defendant)**

12. Plaintiff hereby repeats and reiterates the allegations contained in each of the foregoing paragraphs as if same were more fully set forth herein at length.

13. The Note and Lease are binding and enforceable contracts containing mutually exchanged promises supported by adequate consideration.

14. At all times relevant to this action, NEC performed all of its obligations under the Note and Lease.

15. Defendant breached the Note and Lease thereto, by unjustifiably failing to perform its material obligations thereunder, including, but not limited to, failing to make prompt and necessary payments to NEC.

16. As a proximate result of the breach of Defendant CFS, NEC has suffered injury and damage in the aggregate amount of $105,586.06 plus interest, costs and attorneys' fees which continue to accrue.

WHEREFORE, Plaintiff, NEC Financial Services, Inc., demands judgment against Defendant Commonwealth Financial Systems, Inc., in the amount of $105,586.06, plus

interest, costs and attorney's fees, all of which continue to accrue.

## SECOND COUNT
### (Replevin)

17. Plaintiff hereby repeats and reiterates the allegations contained in each of the foregoing paragraphs as if same were more fully set forth herein at length.

18. Despite Defendant's obligations to NEC under the Note and Lease, and despite demands made by NEC, Defendant has failed and refused to perform their material obligations thereunder, including, but not limited to, failing to make prompt and necessary payments to NEC.

19. The Note and Lease permit NEC to repossess and obtain the Equipment and Additional Collateral in the event Defendant fails to perform any of its obligations thereunder, including, but not limited to, Defendant's failure and/or refusal to make prompt and necessary payments to NEC.

20. Pursuant to the Note and Lease, and as a consequence of Defendant's failure to perform its obligations thereunder, including, but not limited to, failing and/or refusing to make prompt and necessary payments to NEC, the Equipment and the Additional Collateral are being wrongfully detained by the Defendant.

21. Upon information and belief, the Equipment and the Additional Collateral may not be properly maintained, serviced and/or insured by the Defendant to the detriment of NEC.

22. Moreover, on information and belief, the Equipment and Additional Collateral depreciate in value on a daily basis and are inherently mobile and concealable and may be transported out of this jurisdiction by the Defendant.

23. Plaintiff is suffering, and will continue to suffer, irreparable harm as a result of Defendant's wrongful detention of the Equipment and the Additional Collateral.

24. Defendant is required to immediately cease and desist using the Equipment and the Additional Collateral and to surrender the Equipment and Additional Collateral to NEC. NEC is entitled to immediately repossess the Equipment and the Additional Collateral.

WHEREFORE, Plaintiff NEC Financial Services, Inc., demands judgment against the Defendant Commonwealth Financial Systems, Inc. for an Order of this Court directing said defendant to immediately cease and desist using the Equipment and the Additional Collateral, and to surrender said Equipment and Additional Collateral to NEC, and NEC should be permitted to immediately repossess the Equipment and the Additional Collateral, together with an order directing the Defendant to disclose the location of the Equipment and the Additional Collateral, plus costs of suit, including attorneys' fees.

### THIRD COUNT
**(Attachment)**

25. Plaintiff hereby repeats and reiterates the allegations contained in each of the foregoing paragraphs as if same were more fully set forth herein at length.

26. Pursuant to the Note and Lease, Defendant, CFS owes NEC the amount of $105,586.06, plus interest, costs and attorneys' fees which continue to accrue.

27. NEC has a first perfected priority security interest and/or lien in Equipment and the Additional Collateral.

28. Upon information and belief, the Defendant is receiving payments of accounts on a regular basis.

29. In order to safeguard NEC's first priority security interest and/or lien in the Equipment and the Additional Collateral, and because Defendant owes NEC the amount of $105,586.06, plus interest, costs and attorneys' fees which continue to accrue, a Receiver should be appointed to collect accounts receivable and to hold same in escrow pending resolution of this action.

WHEREFORE, Plaintiff NEC Financial Services, Inc., demands judgment against Defendant, Commonwealth Financial Systems, Inc. and an Order of this Court appointing a Receiver to collect accounts receivable and to hold same in escrow pending resolution of this action.

                                         ROMANO & GARUBO
                                         *Counselors at Law LLC*
                                         Attorneys for Plaintiff

Dated:                                */s/ Michael F.J. Romano, Esquire*
                                         Michael F.J. Romano, Esquire
                                         Identification No. 52268
                                         52 Newton Avenue, P.O. Box 456
                                         Woodbury, NJ  08096
                                         (856) 384-1515