# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEC FINANCIAL SERVICES, INC. | |
| Plaintiff, | CIVIL ACTION NO. 3:11-cv-1652 |
| v. | (JUDGE CAPUTO) |
| COMMONWEALTH FINANCIAL SYSTEMS, INC. d/b/a NCC | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff NEC Financial Services. (Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be remanded unless the Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff filed this action on September 1, 2011. Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. The Complaint states that NEC Financial Services, Inc. is a "New Jersey corporation conducting business at 250 Phele Avenue, Suite 309, Saddle Brook, New Jersey 07663, and qualified to do business in the Commonwealth of Pennsylvania." (Doc. No. 1 at ¶ 1).

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars

($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In the instant case, Plaintiff's Complaint fails to demonstrate the requirements of

2

federal subject matter jurisdiction because it insufficiently alleges the citizenship of the corporate Plaintiff. While Plaintiff correctly notes the principal place of business for the corporate Defendant, the complaint omits this necessary information as to the Plaintiff. NEC alleges that it conducts its business in New Jersey. However, the place in which it conducts business is not necessarily the same as is its principal place of business, and for diversity purposes under § 1332, its citizenship will be determined by the latter. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) (concluding that the phrase "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities" which will "typically" be the headquarters).

Therefore, because Plaintiff fails to allege facts regarding its corporate citizenship, the Court cannot determine whether complete diversity of citizenship exists and thus cannot exercise jurisdiction.

### III. Conclusion

Plaintiff's Complaint fails to show the existence of subject matter jurisdiction. The Plaintiff will be given twenty-one (21) days in which to file an amended complaint if it can show that diversity of citizenship jurisdiction exists. Failure to do so will result in this action being dismissed. An appropriate order follows.

| | |
|---|---|
| September 14, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEC FINANCIAL SERVICES, INC. | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:11-cv-1652 |
| COMMONWEALTH FINANCIAL SYSTEMS, INC. d/b/a NCC | (JUDGE CAPUTO) |
| Defendant. | |

## ORDER

**NOW**, this 14th day of September, 2011, **IT IS HEREBY ORDERED** that the Plaintiff be given leave to file an amended complaint within twenty-one (21) days from the date of this order. If the Plaintiff fails to do so, the action will be dismissed.

　　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　United States District Judge