**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEC FINANCIAL SERVICES, INC. | |
| Plaintiff, | CIVIL ACTION NO. 3:11-cv-1652 |
| v. | (JUDGE CAPUTO) |
| COMMONWEALTH FINANCIAL SYSTEMS, INC. d/b/a NCC | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is the Plaintiff's Amended Complaint (Doc. No. 5). Because the Amended Complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed unless the Plaintiff timely amends.

**I. Background**

Plaintiff originally filed this action on September 1, 2011, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. The original Complaint failed to allege sufficient facts regarding NEC Financial Services, Inc.'s corporate citizenship and Plaintiff was given leave to file an amended complaint. Plaintiff's Amended Complaint now alleges that "Plaintiff, NEC is a Delaware limited liability company with its principal place of business at 250 Phele Avenue, Suite 309, Saddle Brook, New Jersey 07663. On April 3, 2008 the status of NEC changed from a Delaware corporation to a Delaware limited liability company." (Doc. 5 at ¶ 1).

**II. Analysis**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

Plaintiff alleges that the Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

### 1. Citizenship of the Plaintiff

Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction as it insufficiently alleges the citizenship of the Plaintiff limited liability corporation. Specifically, the Complaint declares that "NEC is a Delaware limited liability company with its principal place of business . . . [in] New Jersey." (Doc. 5 at ¶ 1). These are the necessary averments to determine the states of citizenship of a corporation. *See* 28 U.S.C. § 1332(c)(1). However, LLC denotes not a corporation, but a limited liability corporation, and

"the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'").

As the complaint fails to allege facts regarding the citizenship of the Plaintiff, the Court cannot determine whether complete diversity of citizenship exists between the parties and the case is subject to dismissal. However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted to adequately allege its citizenship and thereby show the Court that it can properly exercise subject matter jurisdiction. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").

### III. Conclusion

The Amended Complaint fails to show the existence of subject matter jurisdiction. However, the Plaintiff will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Plaintiff will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.

October 28 2011
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEC FINANCIAL SERVICES, INC. | |
| Plaintiff, | |
| v. | NO. 3:11-CV-1652 |
| COMMONWEALTH FINANCIAL SYSTEMS, INC. d/b/a NCC | (JUDGE CAPUTO) |
| Defendant. | |

## ORDER

NOW, this 28th day of October, 2011, **IT IS HEREBY ORDERED** that the Plaintiff is given leave to file a second amended complaint within twenty-one (21) days from the date of this order. If the Plaintiff fails to do so, the action will be dismissed.

A. Richard Caputo
United States District Judge