# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEC FINANCIAL SERVICES, LLC., f/k/a NEC Financial Services, Inc., : | |
| Plaintiff : | CIVIL ACTION NO. 3:11-1652 |
| : | (JUDGE MANNION) |
| v. : | |
| COMMONWEALTH FINANCIAL SYSTEMS, INC., d/b/a NCC, : | |
| Defendant : | |

## MEMORANDUM

Pending before the court is the plaintiff's motion for summary judgment. (Doc. No. 21). Based upon the court's review of the motion and the materials related thereto, summary judgment will be granted, in part, in favor of the plaintiff. Specifically, the motion for summary judgment will be granted on the issue of liability, but denied on the issue of damages.

## I. PROCEDURAL HISTORY

By way of relevant background, on September 1, 2011, the plaintiff initiated the instant diversity action pursuant to 28 U.S.C. §1332 which involves claims of a contract default. (Doc. No. 1). Through various motions which were granted by the court, the plaintiff was permitted to file a third amended complaint, and did so on May 3, 2012. (Doc. No. 19).

The defendant filed an answer to the third amended complaint on May 25, 2012. (Doc. No. 20).

On September 4, 2012, the plaintiff filed the instant motion for summary

judgment with attached exhibits, (Doc. No. 21), a statement of material facts, (Doc. No. 22), and a supporting brief, (Doc. No. 23). After having been granted an extension of time to do so, (Doc. No. 25), on October 16, 2012, the defendant filed a brief in opposition to the plaintiff's motion for summary judgment, (Doc. No. 26), along with a response to the plaintiff's statement of material facts, (Doc. No. 27). The plaintiff filed a reply brief on October 29, 2012. (Doc. No. 28).

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate if the "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson,

477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La

Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

**III. DISCUSSION**

The instant action involves a Progress Payment Note and Master Lease Agreement, ("Note and Lease"), between the plaintiff, as holder and secured creditor, and the defendant, as a debtor. Specifically, the plaintiff provided financing to the defendant which was and is secured by various assets and equipment owned by the defendant.

According to the plaintiff, it has a first priority, duly perfected security interest in and against all assets of the defendant, including, without limitation, the following:

> (a) three (3) NEAX2000 IPS machines together with all accessories, additions and attachments thereto, replacements and substitutions therefore, now owned or hereafter acquired and all telephone equipment more fully described in Schedule A and Attachment A to the Lease; and (b) any and all goods, equipment, inventory, accounts, contract rights and general intangibles wherever located, now or hereafter belonging to CFS or in which CFS acquires any interest (collectively referred to as the "Equipment") and (b) all attachments, accessions and accessories to, and all proceeds of, all of the Equipment, including without limitation all insurance proceeds and all rental proceeds, accounts and chattel paper arising out of or related to the sale, lease, rental or other disposition thereof.

(Doc. No. 23, p. 1).

The plaintiff argues that the defendant has been and remains in default of its payment obligations owed to the plaintiff under the Note and Lease and, further, that the term on the Lease has expired and the defendant has failed

4

and refused to return the equipment.

According to the plaintiff's materials, the defendant has failed to make required payments owed to the plaintiff under the Note and Lease and the entire balance of the indebtedness has been accelerated and is due and owing. In addition, the plaintiff argues that the defendant has failed and refused to surrender possession of the equipment to plaintiff, despite such a demand by plaintiff. The plaintiff further argues that the defendant may have converted and/or concealed the equipment from plaintiff such that its value is severely diminished/dissipated on a daily basis or sold, destroyed or otherwise transferred the equipment in violation of its obligations under the Note and Lease. Finally, the plaintiff argues that the insurance coverage relative to the equipment may have been canceled or terminated for nonpayment.

In the pending motion for summary judgment, the plaintiff generally argues that defendant is liable under the terms of the Note and Lease and that the defendant has breached the terms of the Note and Lease. As a result, the plaintiff argues that it is entitled to damages under the Remedies provision of the Lease in an amount of $228,445.53, plus interest from October 25, 2007, until paid, plus costs and attorneys' fees.

In response to the plaintiff's motion for summary judgment, the defendant concedes that the Lease has been breached, but disputes the extent and type of damages to which the plaintiff is entitled. Specifically, the

5

defendant's materials provide that it attempted to return the equipment in question to the plaintiff, but that the attempts were refused. In addition, the defendant's materials provide that it offered the plaintiff the opportunity to retrieve the equipment, which offer was also refused. Finally, the defendant's materials reflect that the equipment remains insured under the defendant's general insurance coverage. The defendant argues that these factors impact the damages to which the plaintiff claims to be entitled and, therefore, there is a material issue of fact with respect to the damages aspect of the case.

Upon review of the parties' materials, the court agrees that there are material issues of fact as to the type and amount of damages owing the plaintiff. To this extent, the plaintiff is seeking damages, in part, based upon the defendant's refusal to return the equipment at issue. However, the defendant has provided that it did, in fact, attempt to make arrangements for the return of the equipment, or to have the equipment retrieved, both of which offers were refused[1]. Although the plaintiff argues in its reply brief that it is irrelevant whether the defendant attempted to return the equipment, the court finds otherwise, as the return of the equipment directly impacts, at the least,

---

[1]The court recognizes that the defendant's materials reflect that these attempts to return the equipment or have the equipment retrieved were made via telephone conversations, while the contract at issue provides that the defendant was required to notify the plaintiff in writing of its intent to return the equipment. (Doc. No. 21, Ex. B, Master Lease Agreement, ¶L). However, the defendant's materials are enough, at this stage, to raise a material issue of fact and to allow discovery to proceed.

the damages to which the plaintiff would be entitled under ¶ L of the contract relating to renewal rent for failure to return the equipment, as well as any other damages which flow therefrom. Because there are material issues of fact as to the type and amount of the damages the plaintiff is claiming, the court finds summary judgment on the issue of damages is not warranted.

## IV. CONCLUSION

In light of the foregoing, the plaintiff's motion for summary judgment will be granted in part and denied in part. Specifically, the motion will be granted on the issue of liability and denied on the issue of damages. An appropriate order shall issue reflecting the ruling of the court. In addition, by separate order, the court will schedule an appropriate case management conference in order to allow this matter to proceed.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 11, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-1652-01.wpd